IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:04-891-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DELARWN LAVORS MYERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the court is the defendant's motion to withdraw his guilty plea which was filed on December 6, 2004. The court heard oral arguments and testimony regarding this motion on April 28, 2005, and took the matter under advisement. The court will now rule on the motion as follows:

### Procedural History

On September 28, 2004, the defendant was charged in a one-count indictment with a violation of federal firearms law, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On or about October 14, 2004, Mr. Michael Meetze, Assistant Federal Public Defender, was appointed to represent the defendant. The defendant entered a guilty plea to the above charge on November 16, 2004. On December 6, 2004, the defendant filed a pro se motion to withdraw his guilty plea and for new counsel. On February 17, 2005, the court held a hearing and granted the defendants request for new counsel by relieving Mr. Meetze and appointing Mr. Henry M. Anderson, Jr. as the defendant's new counsel. Because the defendant had new counsel appointed, the court did not hear his motion to withdraw the guilty plea at that time. The court scheduled a hearing on defendant's motion to withdraw the guilty plea on April 15, 2005, however, Defendant's new counsel requested that the court reschedule. The court granted defense counsel's request and as above mentioned, had the hearing on the motion to withdraw the guilty plea

on April 28, 2005. The defendant was represented by his new appointed counsel, Mr. Anderson.

## Discussion

In his "motion to vacate plea of guilty," filed pro se, the defendant alleges as one of his grounds to withdraw the guilty plea, that he was told by his counsel, Mr. Meetze, and Investigator Darren Yarborough with the Florence County Sheriff's Department, that if he did not enter a plea of guilty to the charge against him, he would be sentenced to life imprisonment. The defendant states in the motion that the "[c]onviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequence of the plea. My court appointed counsel told me, I had no alternative but to plea guilty, base upon my presence in the car, which the alleged gun was found."

The defendant also alleges that the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. As to this allegation, the defendant states that "I had no control of the car, which was driven by Kenyatte Bradley, nor did I had knowledge of a gun being in the car. I was a mere passenger in the car."

The defendant alleges that the "conviction was obtained by use of pursuant to an unlawful arrest. I was arrested without an arrest warrant, based upon mere suspicion without facts to support probable cause."

The defendant further alleges that the "conviction obtained by the unconstitutional failure of the prosecution to disclose to the petitioner evidence favorable to the petitioner. The prosecution failed to disclose that the alleged state victim was shot with a 9mm gun and that the officer rerecovered [*sic*] a 22 handgun from the car in which Kenyatte Bradley was driving, and had asset [*sic*] to."

Federal Rule of Criminal Procedure 11 permits the withdrawal of a guilty plea before sentencing

if the "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Fourth Circuit Court of Appeals held in United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (quoting United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000), that "[a] defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal.

The "most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Id. at 414. When a district court is considering the motion to withdraw a guilty plea, "'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary'. . . . A voluntary and intelligent plea of guilty 'is an admission of all of the elements of a formal criminal charge,'. . . and constitutes an admission of all 'material facts alleged in the charge.'" United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (quoting United States v. Broce, 488 U.S. 563, 569 (1989); and United States v. Johnson, 888 F.2d 1255, 1256 (8th Cir. 1989)). Therefore, an appropriately conducted Rule 11 guilty plea colloquy "leaves a defendant with a very limited basis upon which to have his plea withdrawn. Bowman, 348 F.3d at 414.

In this case, the defendant argues that his plea was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequence of the plea. The defendant states that his counsel told him that if he did not plea he would be sentenced to life imprisonment.

However, at the hearing in which the plea of guilty was entered, the undersigned questioned the defendant in a detailed fashion and ultimately determined that defendant's plea of guilty was knowing and voluntary. In making a determination that the plea was knowing and voluntary, the court notes that it specifically questioned the defendant as to whether anybody had forced him to plead guilty, to which

3

the defendant responded no. The undersigned asked the defendant if he was entering his plea freely and voluntarily and the defendant responded in the affirmative. The undersigned asked the defendant if anybody had threatened him or pressured him into entering a guilty plea, to which the defendant responded no.

The defendant acknowledged that he understood that he had a right to plead not guilty and that he was entitled to a trial by a jury during which he would have a right to the assistance of counsel for his defense on the charges contained in the indictment. The defendant affirmed that he understood that at a trial he would be presumed to be innocent and the government would be required to prove him guilty beyond a reasonable doubt before he could be found to be guilty and that he would not have to prove that he was innocent, and by pleading guilty he was admitting the truth of the charge and giving up any defenses he may have and the right to challenge any incriminating statements. The defendant also acknowledged that he understood that in the course of a trial, the witnesses for the government would have to come to court and testify in his presence and his counsel could cross examine the witnesses for the government and object to evidence offered by the government and offer evidence in his behalf. The defendant also stated that he understood that if he plead guilty and the court accepted the plea that he would have waived his right to a trial and the other rights and there would be no trial and the court would enter a judgment of guilty.

The court also explained to the defendant each element of the crime he was being charged with and asked if he admitted to each of the elements, to which the defendant responded yes. As for the penalties involved, the court explained to the defendant the different penalties under 18 U.S.C. §§ 922(g)(1) and 924(e) and engaged in a thorough discussion regarding the potential application of § 924(e). This detailed discussion with defense counsel and the defendant clearly indicates the

defendant's understanding of the possible penalties. Furthermore, the defendant affirmed that he and his lawyer had discussed the possible penalties and that he understood them.

After a government agent testified as to the factual basis that made up the charge against the defendant, defense counsel stated that the defendant intended to plead guilty to the elements of the offense and admitted the facts that the government agent spoke of. The undersigned then asked the defendant if he was in fact guilty of the offense, to which the defendant responded in the affirmative.

As mentioned above, after questioning the defendant extensively, the undersigned determined that the defendant was entering a plea of guilty freely and voluntarily and that the defendant fully comprehended and understood the nature of the charges against him and generally what the government would have to prove if a trial were held. For the above mentioned reasons, the court finds that the defendant's argument, that his plea was not made voluntarily or with the understanding of the nature of the charge and the consequence of it, is without merit.

As to the defendant's additional argument that he now believes that he could attack evidentiary issues in the government's case against him at trial, the court finds that such is not a sufficient reason to withdraw his guilty plea. As mentioned above, the undersigned informed the defendant before he entered his plea of guilty that he had a right to a trial and at that trial he could object to the government's evidence against him, as well as his right to challenge incriminating statements.

The court notes that the Fourth Circuit Court of Appeals found in United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc), that "[i]f an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding."

Additionally, "[w]hen considering a defendant's motion to withdraw his guilty plea, the court

5

may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and just reason. Thus, we have articulated the following, nonexclusive list of factors for consideration in deciding a withdrawal motion:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources."

Bowman, 348 F.3d at 414 (quoting United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

As mentioned above, this court finds that the defendant has not asserted credible evidence that his plea was not knowing or not voluntary. Although the defendant argues in his motion that his plea was not knowing or not voluntary because his attorney told him that if he did not plea he would be sentenced to life imprisonment, this court went over the range of possible penalties with the defendant in detail at the plea hearing. Thus, the court finds the defendant has not satisfied the first factor articulated in Moore as he has not put forth credible evidence that his plea was not knowing or not voluntary.

The defendant argued at the hearing on this motion, that he was told by his counsel at the time of the plea hearing that if he did not understand one of the court's questions, to just answer it, and counsel would explain it to him later. The court finds that this argument does not rise to the level necessary to satisfy the first Moore factor either. As noted above, the court spent a significant amount of time at the plea hearing explaining to the defendant the charge and penalties he was facing and his rights. In fact, during the plea hearing the court even required the defendant's counsel to explain to the court what he had told the defendant regarding the possible penalties the defendant may be facing.

6

Although the court finds that there is independently sufficient evidence in the record to establish that the defendant has not satisfied the first factor established by the Moore Court, it is worth noting that with the consent of the defendant's new counsel, the government filed an affidavit of Mr. Meetze. In the affidavit, Mr. Meetze states that he spent a great deal of time discussing with the defendant his charges, the penalties, and the sentencing guidelines. He states that he estimated that the defendant would be in a criminal history category VI, and that he spent a substantial amount of time discussing the armed career criminal act with the defendant. Mr. Meetze states that he was certain that the defendant would be sentenced as an armed career criminal if he was convicted of the offense and that he was facing a penalty of 15 years up to life. Mr. Meetze further states that he never told the defendant that he had no alternative but to plead guilty.

Looking to the second factor articulated in Moore, this court finds that the defendant has not credibly asserted his legal innocence. The defendant does argue in his motion that he had no knowledge of the gun in the car in which he was a passenger and he now thinks he could successfully challenge the government's use at trial of possible incriminating statements made by him which may contradict his current assertion regarding knowledge or possession of the gun. However, at the plea hearing, the defendant admitted he was guilty of the offense and admitted to the factual basis for the charge set forth by the government agent, which included among other things, possession of the firearm and ammunition. Likewise, at the hearing on this motion, the government asked the defendant if he remembered Mr. Meetze telling him in their meetings that the bullets that were taken out of his pocket, in the federal system, are just as bad as having a gun and that you get the same amount of time regardless of whether it's bullets or a gun. The defendant responded that he remembered his counsel telling him that. The defendant has not credibly asserted or presented any credible evidence of his

7

actual innocence at the hearing on this motion.

As to the third factor articulated by the Moore Court, the court notes that the defendant entered his guilty plea of guilty on November 16, 2004, and filed this motion to withdraw the plea on December 6, 2004. Thus, the court finds that delay between the time the defendant entered his plea of guilty and the time he filed his motion was not long, which favors the defendant on this factor of the analysis. However, this single factor in the defendant's favor, if standing alone, will be insufficient to justify a withdrawal of the guilty plea. Id. at 416.

The fourth factor articulated by the Moore Court is whether the defendant had close assistance of competent counsel. The Fourth Circuit Court of Appeals stated in United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989) (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59 (1989)), that to prevail on this factor, the defendant must demonstrate that "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" Under this standard, the court's inquiry is limited to whether the defendant's counsel "'was reasonable under prevailing professional norms, and in light of the circumstances.'" Bowman, 348 F.3d at 416 (quoting Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002)) (stating standard in a Sixth Amendment context; see also Hill, 474 U.S. at 58 (holding that the two-part Strickland test applies to motions to withdraw guilty pleas based upon ineffective assistance of counsel).

In this case, the defendant stated at the hearing on this motion that he thought that he and Mr. Meetze did not work closely on this case. However, at the hearing in which the plea of guilty was entered the defendant acknowledged that he was satisfied with the manner in which his lawyer has advised him and represented him. The defendant affirmed that he had talked to his lawyer as often and

as long as he felt necessary for his lawyer to represent him. The defendant stated that he did not need any more time to talk to his lawyer before his plea of guilty was accepted. The defendant acknowledged that he had understood his conversations with his lawyer. The defendant maintained that his lawyer had done everything for him that he felt that should have or could have been done. The defendant acknowledged that his lawyer had not failed to do anything that he had asked him to do. The defendant stated that there was not anything else he wanted his lawyer to do prior to the hearing. The defendant also confirmed that he was completely satisfied with his lawyer's services. The defendant acknowledged that he had no complaint he wanted to make about his lawyer.

At the hearing on this motion, the government asked the defendant whether he remembered the court asking him whether his lawyer had done everything for him that he felt should or could have been done. The defendant stated that he remembered the question and his response in the affirmative, however, he stated that his answer was not the truth. He stated that he didn't tell the truth because he felt like if he had, the judge wouldn't relieve him of his lawyer and then he would be "stuck" with the lawyer and the lawyer would have felt like he had tried to make him look bad in front of the judge and the lawyer wouldn't have helped his case.

However, "when a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process." Bowman, 348 F.3d at 417. This is because a Rule 11 colloquy "can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea." Id. As such, the court finds that the defendant in this case can not satisfy his burden of showing that he did not have close assistance of competent counsel simply by now stating so and profess that he wasn't telling the truth when he previously asserted that he did at the Rule 11 hearing.

9

As additional support of the proposition that he did not have close assistance of competent counsel, the defendant alleges that his counsel told him that he had no alternative but to plead guilty based upon his presence in the car in which the gun was found. However, during the same hearing the defendant stated that his counsel came out on a Monday and told him that he either had to enter a plea of guilt on Wednesday or pick a jury on Friday. It appears to the court from this statement made by the defendant, that his counsel told him he had to choose which to do. The defendant has not shown that his counsel told him that he *had* to plead guilty.

Additionally, it seems that the defendant is also asserting that he chose (or "had no alternative") to enter a plea of guilty because of his counsel's alleged erroneous advice regarding his presence in the car in which the gun was found. The defendant stated at the hearing, that "he now knows that just because he was a passenger in the car does not automatically mean that he was guilty of possession of a firearm." However, the defendant admitted on cross examination by the government that his counsel had informed him that the government had two tape-recorded conversations that he had made to friends of his, from the Florence County Detention Center, where he admitted to possessing the gun. The government also asked the defendant "whether he remembered his counsel telling him that those bullets that were taken out of his pocket, in the federal system it's just as bad as having a gun, and that he would get the same amount of time regardless of whether it's bullets or a gun." The defendant answered yes. The government went on to ask whether the defendant "remembered his counsel advising him that those bullets were found in his pocket, and that's why he was advising him to plead guilty, because the gun is irrelevant." Once again, the defendant responded yes.

Based on the foregoing, the court finds that the defendant has failed to show that he did not have close assistance of competent counsel. The record shows that the defendant and his counsel discussed

his case and the evidence that he may have to rebut at trial. The defendant admitted at the hearing that his counsel told him that he had to choose whether to plead guilty or pick a jury for trial. As for recommending the decision to plead guilty, such was a judgment call made by counsel and the defendant admitted that counsel informed him of the weaknesses of his case and the evidence that may have been used against him at trial. Giving advice to a client as to what may be in his or her best interest is one of the duties a lawyer performs, however, the record reflects that in this case the defendant made the final decision as to whether or not to plead guilty. The record also reflects that the defendant's counsel was reasonable under prevailing professional norms and in light of the circumstances.

Although the court finds that there is independently sufficient evidence in the record to establish that the defendant has not satisfied the fourth factor established by the Moore Court, again it is worth noting that in the previously mentioned affidavit filed by Mr. Meetze, he states that he never told the defendant that he had no alternative but to plead guilty. Counsel also states that he told the defendant that Defendant had to make the decision of how to resolve his case. Counsel states that he told the defendant that all he could do is review the evidence against him and try to advise him on what he thought would be in his best interest. Counsel states that he did tell the defendant that he thought it would be in his best interest to plead guilty. He states that he thought the evidence of the defendant's guilt was overwhelming and that the defendant would benefit from receiving credit for acceptance of responsibility rather than being found guilty after a trial.

Mr. Meetze also states that the evidence the government would offer against the defendant included a video-taped statement by the defendant in which he admitted to being in possession of the firearm. He states that he first reviewed this tape with the Assistant United States Attorney, and he

remembered thinking that there was a valid legal challenge to make regarding this statement. However, counsel states that even assuming that the tape was not in evidence, the officers on the scene would have testified that the defendant had ammunition on his person. In addition, counsel states that government provided him with a taped telephone call which was purportedly made by the defendant from the jail. During the call, the defendant admitted being in possession of the firearm. Counsel states that he made his own copy of the recording and played the tape for the defendant. Counsel also states that he played the video-taped statement for the defendant on a television at the Florence County Detention Center.

The fifth <u>Moore</u> factor is whether the withdrawal of the guilty plea will cause prejudice to the government. While the government did not make a strong showing in that respect, the court finds that the government might suffer some prejudice by the withdrawal of the guilty plea because of the possible difficulty in reassembling witnesses that the government would need at trial.

Finally, the court finds that the defendant's withdrawal of the guilty plea will inconvenience the court and will waste judicial resources.

This court has thoroughly considered both parties' arguments and the testimony presented at the hearing on this motion. After reviewing the Rule 11 colloquy and weighing all of the <u>Moore</u> factors, as well as considering the evidence presented, the court finds that at best, the defendant has satisfied the third factor under <u>Moore</u> and the fifth factor is questionable. Therefore, for the reasons stated above, it is hereby **ORDERED** that the defendant's motion to withdraw his guilty plea is **DENIED.**

**AND IT IS SO ORDERED.**

<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge

May 25, 2005
Florence, South Carolina